IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LEROY SHELLEY III, | ) | |
| aka TYRON DAVIS | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-1340-GMS |
| | ) | |
| LOUIS FILINO, Sup't, and | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

## M E M O R A N D U M

### I.    BACKGROUND

In April 1998, while he was incarcerated in Pennsylvania, Shelley was indicted in

Delaware on charges of robbery and related charges. (D.I. 1) On November 7, 2007, a Delaware

Superior Court jury convicted Shelley, *inter alia*, of two counts of first degree robbery and two

counts of possession of a firearm during the commission of a felony. (D.I. 18) The Delaware

Superior Court sentenced Shelley to a total of twenty-four and one-half years at Level V, to be

suspended after serving eighteen and one-half years for decreasing levels of supervision. Shelley

did not file a direct appeal. (D.I. 12 at 1)

In February 2012, this court denied as time-barred Shelley's first petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254. *See Shelley v. Att'y Gen'l of the State of Delaware*,

Civ. A. 10-1019- Mem. Op. and Order (D. Del. Feb. 6, 2012). Thereafter, Shelley filed another

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition"), which is presently

pending before the court. (D.I. 1) The instant petition asserts the following three challenges to

Shelley's 2007 convictions for first degree robbery and possession of a firearm during the commission of a felony: (1) a police detective committed perjury while testifying before the grand jury and during the trial, in violation of Shelley's due process rights; (2) the 2007 indictment was defective because the 1998 indictment was never dismissed; and (3) the trial court lacked jurisdiction over Shelley's case due to the age of the original 1998 indictment.

## II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). Notably, a habeas petition is not considered second or successive simply because it follows a prior petition. *See Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). Rather, a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III.   DISCUSSION

The instant petition is Shelley's second request for habeas relief with respect to his 2007 convictions and sentences. Shelley's first federal habeas petition was denied as time-barred, which constitutes an adjudication on the merits. *See Murray v. Greiner*, 394 F.3d 78, 80 (2d Cir. 2005). In turn, Shelley already asserted his perjury/due process argument in his first petition, and he could have asserted his other two arguments in that first petition as well. For these reasons,

2

the court concludes that the instant petition constitutes a second or successive habeas petition within the meaning of § 2244.

The record reveals that Shelley did not obtain permission from the Third Circuit Court of Appeals before filing his pending habeas request. Accordingly, the court will dismiss the instant unauthorized second or successive petition for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(1); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

The court will also decline to issue a certificate of appealability because Shelley has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

## IV.    CONCLUSION

For the aforementioned reasons, the court will deny Shelley's § 2254 petition for lack of jurisdiction because it constitutes an unauthorized second or successive habeas petition under 28 U.S.C. § 2244. A separate order will be entered.

_Nov 14, 2013_
DATE

CHIEF UNITED STATES DISTRICT JUDGE

3